UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40109
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL GAYWIN ACLESE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:94-CR-81-2)
_____
(October 17, 1995)

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Karl Gaywin Aclese appeals his conviction and sentence
for conspiracy to possess with intent to distribute cocaine base.
This court affirms.

### I.  BACKGROUND

Aclese was arrested when the Drug Enforcement Agency
"supervised" his purchase of cocaine base from Roger Johnson.
Johnson had previously been stopped and arrested while driving from

---

[*]	Local Rule 47.5 provides:  "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-settled
principles of law imposes needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Houston to Port Arthur, Texas, for possessing 7 1/2 ounces of cocaine base. Johnson admitted that 5 ounces of the cocaine belonged to him and stated that Aclese had paid him $1200 to purchase the remaining 2 1/2 ounces. Johnson agreed to cooperate with the DEA to complete the delivery of the cocaine to Aclese.

Johnson telephoned Aclese and arranged to meet him in a mall parking lot in Port Arthur. There, Johnson handed Aclese a plastic bag containing 2 1/2 ounces of cocaine base. Aclese accepted it without comment or paying any money. DEA agents arrested Aclese immediately after the transaction.

The jury found Aclese guilty of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. The district court sentenced him to 151 months in prison and five years supervised release.

Aclese timely appeals his conviction and sentence. He argues that a) the district court erred in excluding his post-arrest statement; b) the district court erred in denying his motion to dismiss for outrageous governmental conduct; and c) the district court erred in calculating his base offense level under the U.S. Sentencing Guidelines.

## II. DISCUSSION

### A. Post-Arrest Statement

The district court did not abuse its discretion by not granting Aclese an exception to the hearsay rule in excluding Detective Cartwright's testimony that Aclese told him he had met Johnson in the parking lot to buy car stereo speakers. See U.S. v.

2

Williams, 993 F.2d 451, 457 (5th Cir. 1993); FED. R. EV. 801(c).

Federal Rule of Evidence 803(24) provides that such hearsay may only be admitted under certain exceptional circumstances:

> A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, [is not excluded by the hearsay rule even though the declarant is available to testify] if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

FED. R. EV. 803(24); U.S. v. Cain, 587 F.2d 678, 681-82 (5th Cir. 1979), cert. denied, 440 U.S. 975 (1979) (Rule 803(24) exceptions rarely granted).

Aclese does not satisfy Rule 803(24)'s requirements. First, he offers no proof that his post-arrest statement is truthworthy. That his statement was made sometime after his arrest does not demonstrate its truthfulness. Second, although the statement may be material to Aclese's defense, it is not more probative than any other evidence; Aclese received plastic packages of cocaine base "cookies", which he could not have confused with the stereo speakers he later claimed to be buying. Third, admitting the post-arrest statement contravenes the purpose of the hearsay rules and would not further the interests of justice. Aclese admits that his purpose in having Detective Cartwright testify is to avoid being cross-examined himself, and

3

Aclese was still able to present his stereo speaker theory to the jury.

Also, the government did not "open the door of admissibility" to Aclese's post-arrest statement by failing to object to references and testimony regarding Aclese's previous stereo purchases. The evidence introduced at trial regarding these purchases was not a partial recitation of Aclese's statement that he met Johnson to buy speakers. See Barshop v. U.S., 191 F.2d 286, 292 (5th Cir. 1951), cert. denied, 342 U.S. 920 (1952).

Further, the exclusion of Aclese's post-arrest statement could not have affected the jury verdict. The jury could not have reasonably concluded that Aclese mistook a two ounce plastic bag of cocaine for car stereo speakers.

## B. Governmental Misconduct

The district court did not err in denying Aclese's motion to dismiss because the government's "outrageous conduct" deprived him of due process. See U.S. v. Evans, 941 F.2d 267, 270 (5th Cir. 1991), cert. denied, 502 U.S. 972 (1991). Aclese cannot assert this defense because he actively participated in the cocaine transaction. See id. at 271.

Also, the "totality of the circumstances" does not indicate that the government engaged in outrageous conduct. See id. at 270-71. Aclese's contention that the government wrongfully searched Johnson's car does not support a finding that the government over-involved itself in obtaining Aclese's conviction. See id. at 271 (defining outrageous governmental conduct as

4

"governmental over-involvement in the charged crime [and] a passive role by the defendant").  Aclese's argument regarding Johnson's plea bargain "deal" is speculative.  Aclese does not demonstrate that Johnson agreed to any arrangement other than the one about which he testified.  Aclese's contentions regarding sentence manipulation involve governmental conduct after his conviction. Finally, the government did not engage in a "reverse sting" operation.  The DEA did not supply the cocaine to Johnson and Aclese; they had previously planned its purchase and delivery. U.S. v. Robins, 978 F.2d 881, 883 (5th Cir. 1993).

C.    **Sentencing**

The district court did not err in attributing 7 1/2 ounces of cocaine to Aclese in calculating his sentencing base offense level.  See U.S. v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993), cert. denied, Zamora v. U.S., __ U.S. __, 114 S.Ct. 1096 (1994) (district court's factual sentencing findings for drug offenses reviewed for plain error).  The U.S. Sentencing Guidelines provide that defendants in jointly undertaken criminal activity are accountable for all reasonably foreseeable quantities of contraband within the scope of their activity.  U.S.S.G. § 1B1.3(a)(1)(B) & comment 2.  In the instant case, Aclese was convicted of conspiring with Johnson, and Johnson testified that he and Aclese agreed to pool their money to purchase the 7 1/2 ounces of cocaine.

Also, the district court did not err in concluding that the government did not engage in sentencing entrapment by manipulating the quantity and price of the cocaine delivered.  The

5

evidence established that Aclese and Johnson had previously determined its amount and price.

Further, Aclese's argument that the government manipulated his base offense level by attempting to include evidence about his other offense and a firearm owned by him, is without merit. The district court excluded this evidence and determined Aclese's base offense level by the amount of cocaine possessed by Johnson at the initial traffic stop.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.